Case 4:25-cv-02703   Document 23   Filed on 10/17/25 in TXSD   Page 1 of 6

United States District Court
Southern District of Texas
**ENTERED**
October 17, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

MERVYN PAUL ARNOLD, §
TDCJ-CID #00675148 §
 §
      Petitioner, §
 §
v. §
 §  CIVIL ACTION NO. H-25-2703
ERIC GUERRERO, Director, §
Texas Department of Criminal §
Justice, Correctional §
Institutions Division, §
 §
      Respondent. §

## MEMORANDUM OPINION AND ORDER

Mervyn Paul Arnold (TDCJ-CID #00675148) ("Petitioner") is currently incarcerated in the Holliday Unit of the Texas Department of Criminal Justice ("TDCJ") following the revocation of his parole. Petitioner has filed a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus By a Person in State Custody ("Petition") (Docket Entry No. 1), challenging his parole revocation. After considering all of the pleadings as required by Rule 4 of the Rules Governing Section 2254 Cases, the court will dismiss the Petition without prejudice for the reasons explained below.

### I. Background

On October 21, 1993, in the 272nd District Court for Brazos County, Texas, Petitioner pleaded guilty to one count of theft, which was enhanced by five prior convictions, and one count

of obtaining a government document through deception, which was enhanced by two prior convictions.[1] Petitioner was sentenced to 40 years on each count to be served concurrently.[2]

On December 20, 2005, Petitioner was released from prison on parole.[3] However, on April 9, 2025, Petitioner's parole was revoked by a panel of the Texas Board of Pardons and Paroles.[4] Petitioner is now incarcerated in the Holliday Unit of the TDCJ.[5]

Petitioner seeks federal habeas relief from his parole revocation because:

(1) TDCJ violated his due process rights by revoking his parole without a new conviction;

(2) The forfeiture of street-time credit following his parole revocation violated his due process rights; and

(3) His sentence is being unconstitutionally extended by TDCJ through the forfeiture of good-time credit and street-time credit.[6]

---

[1] State Court Records, Exhibit A, Indictment and Judgment, Docket Entry No. 18-1, pp. 3-5; Exhibit B, Indictment and Judgment, Docket Entry No. 18-1, pp. 10-12. For purposes of identification, all page numbers refer to the pagination imprinted at the top of the page by the court's Electronic Case Filing system.

[2] State Court Records, Exhibit A, Judgment, Docket Entry No. 18-1, p. 4; Exhibit B, Judgment, Docket Entry No. 18-1, p. 11.

[3] Id., Exhibit C, Certificate of Parole, Docket Entry No. 18-1, p. 19.

[4] Id., Exhibit D, Affidavit of Charley Valdez, Docket Entry No. 18-1, p. 27.

[5] Petition, Docket Entry No. 1, p. 1.

[6] Petition, Docket Entry No. 1, pp. 9-10; see also Respondent Guerrero's Preliminary Answer With Brief in Support, Docket Entry No. 20, p. 2.

Because Petitioner has not yet raised these claims in state court,[7] his Petition is subject to dismissal for lack of exhaustion.

## II. Discussion

To be entitled to federal habeas review, a state prisoner must exhaust "the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). In other words, a state prisoner "must exhaust all available state remedies before he may obtain federal habeas relief." Sones v. Hargett, 61 F.3d 410, 414 (5th Cir. 1995). Exhaustion of state remedies is not required, however, where "there is an absence of available State corrective process; or circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B). The petitioner bears the burden of establishing an exception to the exhaustion requirement. See Fuller v. Rich, 11 F.3d 61, 62 (5th Cir. 1994).

"In Texas, a criminal defendant may exhaust state remedies by direct appeal or post-conviction collateral proceedings pursuant to Article 11.07 of the Texas Code of Criminal Procedure." Palomo v. Lumpkin, Civil Action H-21-3015, 2021 WL 5284127, at *2 (S.D. Tex. Oct. 5, 2021)[8]; see also Busby v. Dretke, 359 F.3d 708, 723 (5th

---

[7]Petition, Docket Entry No. 1, p. 6 ¶¶ (c)(d).

[8]A petitioner may exhaust state remedies by: (1) filing a direct appeal from a judgment of conviction followed, if necessary, by a petition for discretionary review in the Texas Court of
(continued...)

Cir. 2004) ("Habeas petitioners must exhaust state remedies by pursuing their claims through one complete cycle of either state direct appeal or post-conviction collateral proceedings.").

"Claims regarding parole revocation hearings are cognizable under Article 11.07 [of the Texas Code of Criminal Procedure]." Ex parte Evans, 964 S.W.2d 643, 647 (Tex. Crim. App. 1998) (citing Board of Pardons and Paroles ex rel. Keene v. Court of Appeals for the Eighth Dist., 910 S.W.2d 481, 483 (Tex. Crim. App. 1995)). The prisoner "must file his application in the court and county in which he was convicted." Evans, 964 S.W.2d at 647 (citing Ex parte Woodward, 619 S.W.2d 179 (Tex. Crim. App. 1981); Ex parte Alexander, 861 S.W.2d 921, 922 (Tex. Crim. App. 1993)).

Because Petitioner has not filed a petition, application, or motion in state court to challenge his parole revocation,[9] it is evident that he has not exhausted state court remedies before seeking federal review. Petitioner's claims do not come within a recognized exception to the exhaustion requirement because state process remains available.

The Petition must therefore be dismissed for lack of exhaustion.

---

[8](...continued)
Criminal Appeals and/or (2) filing a petition for a writ of habeas corpus in the convicting court, which is transmitted to the Texas Court of Criminal Appeals once the trial court determines whether findings are necessary. See Tex. Code Crim. Proc. art. 11.07 § 3(c) (habeas corpus procedures).

[9]Petition, Docket Entry No. 1, p. 6 ¶¶ (c)(d).

### III.   Certificate of Appealability

Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner. A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Tennard v. Dretke, 124 S. Ct. 2562, 2565 (2004) (quoting Slack v. McDaniel, 120 S. Ct. 1595, 1604 (2000)). Where denial of relief is based on procedural grounds the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." Slack, 120 S. Ct. at 1604.

Reasonable jurists would not debate that Petitioner has not yet exhausted available state court remedies or that the Petition is premature. Therefore, a certificate of appealability will not issue.

### IV.   Conclusion and Order

Based on the foregoing, the court **ORDERS** as follows:

1. The Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus By a Person in State Custody filed by

Mervyn Paul Arnold (Docket Entry No. 1) is **DISMISSED without prejudice** for lack of exhaustion.

2.  A certificate of appealability is **DENIED**.

The Clerk shall provide a copy of this Memorandum Opinion and Order to the parties.

**SIGNED** at Houston, Texas, on this 17th day of October, 2025.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE